**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARDANUSH GRIGORYAN, | No. 12-71734 |
| Petitioner, | |
| v. | Agency No. A098-528-308 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2015[**]
Pasadena, California

Before: FARRIS, TROTT, and BYBEE, Circuit Judges.

Vardanush Grigoryan petitions for review of the Board of Immigration

Appeals' decision (1) denying her application for asylum, (2) denying her request

for withholding of removal, (3) denying her request for relief pursuant to the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

United Nations Convention Against Torture ("CAT"), and (4) ordering her removed to Armenia, her country of origin.

Because the parties are familiar with the facts and circumstances of this case, we repeat them only as necessary to explain our decision.

Substantial evidence supports the immigration judge's determination -- affirmed by the BIA -- that any adversity suffered by Mrs. Grigoryan as a whistleblower was not the result of her political opinion. Furthermore, the adverse consequences she did endure did not amount to persecution, either singly or in combination.

Moreover, even if Grigoryan did establish cognizable persecution, the government rebutted the presumption of a well-founded fear of future persecution. Grigoryan's husband lives in Armenia and works as a police officer in the government agency where her problems started. The IJ said the following about her alleged fear of harm should she be required to return:

> It is simply unbelievable for this Court to think that government officials would somehow be targeting the Respondent or even Respondent's husband, . . . The Court finds this aspect of Respondent's testimony incredible, and unbelievable, and implausible.

The record supports this observation.

Finally, the record amply validates the BIA's determination that relevant "conditions in Armenia have fundamentally changed since the respondent's departure in 2003," changes that are sufficient to rebut Grigoryan's alleged fear of future persecution or harm. Accordingly, her application for asylum and her requests for withholding of removal and relief pursuant to CAT all fail.

PETITION DENIED.